UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WINSTON L. PARKER,
        *Plaintiff-Appellant,*

v.

PENSKE TRUCK LEASING CORPORATION,
        *Defendant-Appellee.*

No. 01-1122

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-3116-AMD)

Submitted: May 24, 2001

Decided: September 10, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Kay M. Clarke, CLOWER & CLARKE, Washington, D.C., for
Appellant. Roger D. Meade, LITTLER MENDELSON, P.C., Balti-
more, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Winston L. Parker appeals the district court's grant of summary judgment to Penske Truck Leasing Corporation ("Penske"), and the dismissal of his complaint alleging abusive discharge under Maryland law. Parker contends that his termination from employment violated a clear mandate of public policy. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We must view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Parker contends that there is a material fact in dispute such that summary judgment is not appropriate. Under Maryland's common law rule of employment at-will, either party to an employment contract of indefinite duration can legally terminate the contract at any time. *Adler v. American Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). Penske's discharge of Parker for suspected drug use does not contravene this policy and, therefore, whether Parker in fact tested positive for drug use is not a material fact essential to the determination of whether Parker stated a cause of action for wrongful discharge.

To state a cause of action for wrongful discharge in Maryland, the plaintiff must establish the nexus between the public policy violation and his discharge. *Adler*, 432 A.2d at 467; *Townsend v. L.W.M. Management, Inc.*, 494 A.2d 239, *cert. denied*, 498 A.2d 1186 (1985); *Shapiro v. Massengill*, 661 A.2d 202, 213 (Md. Ct. Spec. App. 1995). We agree with the district court that assuming Penske violated Maryland public policy when it failed to inform Parker of his right to request a re-analysis of a positive drug test there was no nexus between the public policy violation by Penske and Parker's discharge.

Parker asks that we find a new exception to the at-will rule in Maryland when an employer violates a public policy and as a result of such violation an employee is discharged and suffers harm. We decline to extend the definition of public policy reflected in Maryland case law, consistent with our recognition that either the Maryland legislature or the Maryland Court of Appeals are the proper bodies for extending the situations for which an action for abusive discharge may lie. *Adler v. American Standard Corp.*, 830 F.2d 1303, 1307 (4th Cir. 1987).

Accordingly, we affirm the district court's order. We deny Appellant's motion for oral argument and request for certification of the question of wrongful discharge to Maryland Court of Appeals.

*AFFIRMED*